JOHN S. LARUE *v.* W. B. WOODRUFF.

**Vendor and Purchaser—Bona Fide Purchaser Without Notice.**
;Where a deed gives the grantee notice of an outstanding purchase-money note, the grantee is not a bona fide purchaser without notice.

APPEAL FROM HENDERSON CIRCUIT COURT.

March 16, 1874.

OPINION BY JUDGE LINDSAY:

In the conveyance from Bush to Beverly, a lien was reserved to secure the payment of the note sued on. The benefit of this lien passed to Mrs. Blackwell, when the note was assigned to her by Woodruff. The question presented in this record is whether the arrangement entered into on the 24th of July, 1869, between Blackwell, Beverly and Woodruff, had the effect of discharging this lien.

On that day Mrs. Blackwell held the note and the lien, and Woodruff was bound to her as assignor of the note. Her husband, who had the right to collect the note, consented to surrender it, with the lien, upon condition that Beverly would execute to Mrs. Blackwell three several notes, payable in bank and due respectively four, eight, and twelve months from date, upon each of which notes Woodruff was to be bound as surety. Woodruff consented to change his liability as assignor to that of surety, upon condition that he should be substituted to the lien held by Mrs. Blackwell. Beverly consented to the arrangement, and Blackwell, if not an active party to the contract, acquiesced in it and attested the paper executed at the time by Beverly, evidencing his (Beverly's) consent that Woodruff should hold the note and lien, as an indemnity on account of his liability as surety on the notes given to Mrs. Blackwell. The entire arrangement was consummated at the same time and place, and in the presence of all the parties. There is nothing before us tending to show that the lien note ever was surrendered to Beverly, and the natural presumption, in view of Blackwell's knowledge of the agreement and his acquiescence therein, is that it was passed by him directly to Woodruff. The legitimate inference to be drawn from the paper signed by Beverly and attested by Blackwell, is that Beverly, instead of taking up

the note as he would have done had he regarded it as satisfied, agreed that it should be left with Woodruff, his surety, and that the lien on the land should continue for his indemnity.

To hold that the consummation of this arrangement had the effect of discharging the lien, would be to determine that the parties did that which neither one of them intended, and against which each one of them was attempting to guard. Of course, if there had been an express release of this lien, or if Beverly had made an absolute unconditional payment of the note, the intentions of the parties would necessarily be subordinated to the positive public law; but in this case there was no express release, and no absolute payment; and we will not imply a waiver or release when all the proof before us conduces to show that neither was intended. Larue cannot complain on that account. The deed from Bunch to Beverly gave him notice of the existence of the note sued on. Had he made inquiry he would have learned that it was held at the time of his purchase by the payee, and would have ascertained the purpose for which it was so held.

He is not a bona fide purchaser without notice, and must therefore yield to the superior equity of Woodruff.

Judgment affirmed.

*Turner & Trafton, for appellant.*

*Vance, for appellee.*